IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Wade Starr,<br><br>               Petitioner,<br><br>v.<br><br>Antonio Baca, et al.,<br><br>               Respondents. | No. CV-11-00395-TUC-JGZ (JR)<br><br>**ORDER** |

On August 23, 2013, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (Doc. 13) in which she recommended dismissing Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.)  The R&R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R&R.  On August 29, 2013, Respondents filed a "Limited Objection to Report and Recommendation" (Doc. 14) requesting that the Court adopt all but one paragraph of the R&R. (Doc. 14, p. 1.)  Respondents' objection states that "[a]lthough the Magistrate Judge correctly analyzes Petitioner's claims, the first paragraph on page 6 lists claims that do not appear in his Petition for Writ of Habeas Corpus." (*Id*.)  Respondents' limited objection requests that this Court correct page six and thereafter dismiss the Petition with prejudice.

After an independent review of the record, the Court adopts the R&R, except as indicated in this Order.

**STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the R&R.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to portions of the R&R.  *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## PROCEDURAL AND FACTUAL BACKGROUND

Petitioner's Petition raises six claims for relief and contains one subheading entitled "5.2 Ineffective Assistance of Counsel" that itself lists six allegations of ineffectiveness.[1]  (Doc. 1.)  In Claim One, Petitioner argues that the prosecutor violated his First Amendment rights to free speech and to peaceably assemble by selectively prosecuting him due to his affiliation with the "constitutionalists."  His claim also alleges grand jury manipulation due to this same alleged "constitutionalist" bias.  Claim Two alleges that the prosecutor violated his Fourth Amendment right against unreasonable searches and seizures by filing an insufficient indictment without probable cause because the prosecutor withheld exculpatory evidence regarding "Notices of Invalid Liens."  In Claim Three, Petitioner argues that the state violated his Fifth Amendment Double Jeopardy rights by pursuing both criminal and civil sanctions against him.  Claim Four alleges that the Prosecutor violated Petitioner's Sixth Amendment rights to a speedy, fair, and public trial by denying him an informed jury and by failing to disclose exculpatory evidence.[2]  In Claim Five, Petitioner argues that the trial court violated his Eighth Amendment right to be free from cruel and unusual punishment by imposing consecutive sentences.  Claim Six re-alleges Petitioner's claims of judicial and prosecutorial misconduct as violations of his Fourteenth Amendment rights to due process and equal protection.  In particular, Petitioner raises his denial of a jury trial, prosecutorial misconduct, and an alleged judicial conflict of interest and prejudice.  Finally, Petitioner's subheading claim "5.2 Ineffective Assistance of Counsel" lists: (a) failure to investigate Notice of Invalid Lien; (b) failure to question indictment; (c) failure to object

---

[1] Paragraph one on page six, lines 1-12, of the R&R incorrectly lists Petitioner's claims and is replaced by the findings of this Order.

[2] Petitioner fails to fully articulate this argument.  Rather, he puts his argument in in parentheticals, *i.e.*, (false document).

to misleading evidence; (d) failure to address conspiracy charge; (e) failure to call any witnesses on Petitioner's behalf; (f) failure to object to excessive sentencing; and (g) failure of appellate counsel to appeal appealable issues.

## DISCUSSION

The R&R addressed Petitioner's six claims as well as his "5.2 Ineffective Assistance of Counsel" allegations, and no objections to the R&R's legal findings were filed. Reviewing for clear error, this Court finds none. Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. 13) is ACCEPTED AND ADOPTED as the findings of fact and conclusions of law of this Court, with the modifications discussed in this Order;

2. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED WITH PREJUDICE; and

3. The Clerk of the Court shall enter judgment in this matter, and close its file.

Dated this 4th day of November, 2013.

Jennifer G. Zipps
United States District Judge